UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL SABO, | ) |
| | ) |
| Plaintiff, | ) 1:19-cv-00295 |
| | ) |
| v. | ) |
| | ) |
| EXXONMOBIL, and | ) |
| U.S. SECURITY ASSOCIATES, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Carl Sabo ("Mr. Sabo"), by and through his undersigned counsel, states as follows as his Complaint against Defendants, ExxonMobil Corporation and U.S. Security Associates, Inc.:

## THE PARTIES

1.  Plaintiff, Mr. Sabo, is a citizen and resident of the State of Illinois, who resides in Elk Grove Village, Illinois. At all relevant times, Mr. Sabo was jointly employed by the Defendants.

2.  Defendant, ExxonMobil Corporation ("ExxonMobil"), is a New Jersey corporation. At all relevant times, this Defendant did business, and regularly and continuously transacted business in the State of Illinois and in this District. At all relevant times, ExxonMobil was the joint employer of Mr. Sabo.

3.  Defendant, U.S, Security Associates, Inc. ("U.S. Security") is a Delaware corporation. At all relevant times, this Defendant did business, and regularly and continuously transacted business in the State of Illinois and in this District. At all relevant times, U.S. Security was the joint employer of Mr. Sabo. According to the Illinois Secretary of State's website, U.S. Security is not in good standing in the State of Illinois.

**VENUE**

4. Venue is proper in this District because the acts complained of herein took place in this District, and at all relevant times the Defendants regularly and continuously transacted and were doing business within this District – including by way of their employment of Mr. Sabo.

**JURISDICTION**

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

**BACKGROUND FACTS**

6. Mr. Sabo was employed by the Defendants, beginning in or about January 2018, and continuing until Defendants terminated his employment on or about June 20, 2018.

7. During his employment with Defendants, Mr. Sabo held the position of Safety and Training Manager. Mr. Sabo worked for Defendants at an ExxonMobil plant located in Channahon, Illinois, which is called the Joliet Refinery.

8. Mr. Sabo at all times met or exceeded all of the Defendants' legitimate performance expectations.

9. At all times during his employment with Defendants, Mr. Sabo could and did perform the essential functions of his position, with or without reasonable accommodations.

10. However, shortly prior to his termination, Defendants learned of Mr. Sabo's ADA covered disability, i.e., post-traumatic stress disorder, and the fact that he was taking medication for that condition.

11. Subsequently, and because of that condition, Defendants began subjecting Mr. Sabo to unequal terms and conditions of employment, and treating him differently than his similarly situated peers who do not have a covered disability.

12. In addition, shortly prior to his termination, Mr. Sabo refused to falsely support Defendants' position with respect to an allegation of discrimination and harassment brought

forward by one of Mr. Sabo's co-workers. In short, one of Mr. Sabo's co-workers made a complaint of discrimination and harassment, and Defendants conducted an "investigation" into those allegations. The position espoused by the Defendants in response to the complaint, and as part of that investigation, was that they had *not* engaged in discrimination and harassment of Mr. Sabo's co-worker – when in fact they had done so, and knew that they had done so. Mr. Sabo refused to go along with that position and told Defendants so.

13. On or about June 20, 2018, Defendants terminated Mr. Sabo's employment.

14. Mr. Sabo timely filed a Charge of Discrimination with the EEOC.

15. On or about December 19, 2019, the EEOC issued a Notice of Right to Sue to Mr. Sabo. He has timely filed this action in response, and he has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS

## COUNT I

### (RETALIATORY DISHARGE UNDER TITLE VII)

16. Mr. Sabo e-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 15 above, as though fully set forth herein, as Paragraph 16 of Count I.

17. Title VII prohibits an employer from retaliating against an employee for opposing or participating in an investigation of an unlawful employment practice. *See* 42 U.S.C. § 2000e-3(a).

18. At all relevant times, Mr. Sabo was an "employee" within the meaning of Title VII.

19. At all relevant times, each Defendant was an "employer" of Mr. Sabo within the meaning of Title VII.

20. As set forth above, Defendants' termination of Mr. Sabo was in retaliation for his protected activity, his opposition to Defendants' wrong discrimination and harassment, and his participation in the investigation of Defendants' investigation into his co-worker's complaint.

21. Defendants acted intentionally, willfully, and wantonly, and with intentional disregard for Mr. Sabo's rights and the law.

22. As a direct and proximate result of Defendants' illegal and retaliatory discharge, Mr. Sabo has suffered damages, including but not limited to: loss of salary, loss of benefits, and emotional distress.

**WHEREFORE**, Plaintiff, Mr. Sabo, by and through his undersigned counsel, respectfully prays for the entry of judgment in his favor and against the Defendants on Count I of his Complaint, in an amount in excess of $75,000 and to be more fully proven at trial, including pre-judgment interest, loss of wages and benefits, for his attorneys' fees and costs, for emotional, distress damages, for punitive damages, and for all such other relief that is just and proper under the circumstances and recoverable under the Act.

## COUNT II

### (VIOLATIONS OF THE ADA - 42 U.S.C. § 12112, *et. seq.*)

23. Mr. Sabo re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 15 above, as though fully set forth herein, as Paragraph 23 of Count II.

24. At all relevant times, Mr. Sabo was an "employee" within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, *et. seq.*

25. At all relevant times, each Defendant was an "employer" of Mr. Sabo within the meaning of the ADA.

26. The ADA forbids an employer from, *inter alia*, discriminating or retaliating against an employee because of his/her disability.

27. At all relevant times, Mr. Sabo was a qualified individual with a disability within the meaning of the ADA.

28. At all relevant times, Mr. Sabo had a disability that was covered by the ADA; that impacted one or more of her major life functions; he also had a record of such impairment with the Defendants; and he was perceived and regarded by the Defendants as having such an impairment.

29. At all relevant times, Mr. Sabo could perform the essential functions of his position with Defendants, with or without reasonable accommodations.

30. As set forth above, Defendants discriminated against Mr. Sabo by subjecting him to unequal terms and conditions of employment, and by terminating him because of his ADA-covered condition.

31. In violating the ADA, the Defendants acted intentionally, willfully, and wantonly, and with intentional disregard for Mr. Sabo's rights and the ADA.

32. Mr. Sabo's disability was the motivating factor for the Defendants' adverse and discriminatory actions against him, and/or was the motivating factor along with the Defendants' other retaliatory motive as set forth above.

33. As a direct and proximate result of the Defendants' discriminatory actions in violation of the ADA, Mr. Sabo has suffered damages.

**WHEREFORE**, Plaintiff, Mr. Sabo, by and through his undersigned counsel, respectfully prays for the entry of judgment in his favor and against the Defendants on Count II of his Complaint, in an amount in excess of $75,000 and to be more fully proven at trial, including pre-judgment interest, loss of wages and benefits, for his attorneys' fees and costs, for emotional, distress damages, for punitive damages, and for all such other relief that is just and proper under the circumstances and recoverable under the ADA

**JURY TRIAL DEMANDED**

                 **RESPECTFULLY SUBMITTED,**

            **By:**   **/s/ *Michael I. Leonard*_____**
                **Counsel for Plaintiff**


**LEONARDMEYER, LLP**
Michael I. Leonard
Madelaine M. Thomas
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312) 380-6659 (direct)
(312) 264-0671 (fax)
mleonard@leonardmeyerllp.com
mthomas@leonardmeyerllp.com